CHARLES D. MAY, ESQ..; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail:  cmay@tharpe-howell.com
E-Mail:  abreuer@tharpe-howell.com

Attorneys for Defendant,
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| FLORIDALMA BURROWES, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., a Virginia Corporation; DOLLAR TREE DISTRIBUTION, INC., a Virginia Corporation; DAVID FLORES, an individual; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.:<br>[*Los Angeles County Superior Court Case No.: 22STCV03761*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**<br><br><br><br>Complaint Filed:  January 31, 2022 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant DOLLAR TREE STORES, INC., contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles – Central District to the United States District Court, Central District of California – Western Division.  The removal is based, specifically, on the following grounds:

### JURISDICTION AND VENUE ARE PROPER

1.      This is a civil action over which this Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a), and is one which may be

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

removed to this Court by Defendant under 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2.    Venue is proper in this Court under 28 U.S.C. §§ 84(c), 1391 and 1446.

**PLEADINGS, PROCESS AND ORDERS**

3.    On January 31, 2022, Plaintiff FLORIDALMA BURROWES commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint entitled *Floridalma Burrowes v. Dollar Tree Stores, Inc. et al.,* Case No. 22STCV03761.  True and correct copies of the Summons, Complaint, Civil Case Cover Sheet and Civil Case Cover Sheet Addendum, Notice of Case Assignment, First Amended Standing Order Re: Personal Injury Procedures at the Spring Street Courthouse, Third Amended Standing Order Re: Final Status Conference Personal Injury ("PI") Courts, and Sixth Amended Standing Order Re: Final Status Conference Personal Injury ("PI") Courts, Voluntary Efficient Litigation Stipulations – Stipulation – Early Organizational Meeting – Stipulation – Discovery Resolution, Informal Discovery Conference form, Stipulation and Order – Motions in Limine, Alternative Dispute Resolution (ADR) Information Package, and Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation, which were filed in this matter are attached and incorporated by reference collectively as **Exhibit "A."**

4.    On February 15, 2022, the Summons, Complaint and associated documents comprising **Exhibit "A"** were served on DOLLAR TREE STORES, INC. by service on DOLLAR TREE STORES, INC.'s agent for service of process.

5.    On February 28, 2022, DOLLAR TREE STORES, INC., filed its Answer to Complaint and Demand for Jury Trial. True and correct copies of Dollar Tree Stores, Inc.'s Answer to Complaint and Demand for Jury Trial are collectively attached and incorporated by reference as **Exhibit "B."**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

6.      On information and belief, as of the date of the filing of this Notice of Removal, Defendants DOLLAR TREE DISTRIBUTION, INC. and DAVID FLORES have not been served with the Summons and Complaint, and have not appeared in this action.

7.      The attached **Exhibits "A"** and **"B"** constitute all process, pleadings and orders served upon or by Defendant DOLLAR TREE STORES, INC. in this matter.

## DIVERSITY

**A.     Citizenship**

8.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  This action is one that may be removed to this Court by Defendant under 28 U.S.C. section 1441(b), as the action is between citizens of different states.

9.      Plaintiff was, at the time of the filing of this action, and presently remains domiciled in the State of California and is a citizen of the State of California.

10.     Defendant DOLLAR TREE STORES, INC. is a corporation.  For diversity purposes, a corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Defendant DOLLAR TREE STORES, INC. is incorporated in the State of Virginia, with its principal place of business in the State of Virginia.  Accordingly, Defendant DOLLAR TREE STORES, INC. is a citizen of the State of Virginia.

11.     Defendant DOLLAR TREE DISTRIBUTION, INC. is a corporation, and is incorporated in the State of Virginia with its principal place of business in the State of Virginia.  Accordingly, Defendant DOLLAR TREE DISTRIBUTION, INC. is a citizen of the State of Virginia.  Defendant DOLLAR TREE DISTRIBUTION, INC. does not own, operate, manage or control any Dollar Tree retail store location including but not limited to the store location where Plaintiff alleges she was injured.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

Defendant DOLLAR TREE DISTRIBUTION, INC. cannot be held liable to plaintiff under any theory and is not a proper defendant in this action.  Defendant DOLLAR TREE DISTRIBUTION, INC. has not been served with the Summons and Complaint and its consent to removal is not required.

12.    Complete diversity of citizenship exists as between Plaintiff FLORIDALMA BURROWES and Defendants DOLLAR TREE STORES, INC. and DOLLAR TREE DISTRIBUTION, INC.

**B.    Individual Defendant**

13.    This action arises out of an incident alleged to have occurred on February 10, 2020 at the Dollar Tree store located at 14700 Crenshaw Blvd., Gardena, CA 90249 ("the Crenshaw Boulevard store").  DOLLAR TREE STORES, INC. did not employ in any capacity any individual by the name of "David Flores" at the Crenshaw Boulevard store from January, 2020 to the present date, including on the date of the incident that is the subject of this litigation.

14.    The citizenship of defendant "David Flores" may be disregarded because he is a sham defendant, and has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).  It is well settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants.  *See, Morris,* 236 F.3d at 1067; *TPS Utilicom Serv., Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1100-01 (C.D. Cal.2002).

15.    Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *Ritchey v. Upjohn Drug Co.*, 139 F3d 1313, 1318 (9th Cir. 1998); *McCabe*, 811 F.2d at 1339.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D.Cal. 1979); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

16.    If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party…at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 248-49 (E.D. Cal. 1992).

17.    Plaintiff's Complaint for Damages alleges theories of liability based on negligence and premises liability.  Each cause of action is based upon the allegation that she tripped and fell over debris on the floor of the store.

18.    There is no reasonable basis for imposing liability on an unknown individual by the name of "David Flores," who was not employed by DOLLAR TREE STORES, INC. at the Crenshaw Boulevard store on the date of this incident. Attached hereto as **Exhibit "C"** is a true and correct copy of the Declaration of Stephanie Fuller dated March 10, 2022, confirming that from January, 2020 to the present date, there has never been any employee at the Crenshaw Boulevard store by the name of "David Flores."  There is, thus, no potential to hold this unknown individual liable on any theory for any dangerous condition of the Western Avenue store. *Alcaraz v. Vece*, 14 Cal. 4th 1149, 1162 (1997).  It is clear that "David Flores" is a "sham" defendant, joined only for the purpose of destroying complete diversity.

### C.    Fictitious Does

19.    Defendants DOES 1 through 50, are wholly fictitious.  The Complaint does not set forth the identity, citizenship, or status of any of said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

20.     Plaintiff's Complaint sets forth causes of action for premises liability and general negligence. *See,* **Exhibit "A."** Plaintiff alleges that on February 10, 2022, while shopping at defendant's retail store, she slipped and fell on a slippery white substance causing her to suffer personal injuries. Although Plaintiff was prohibited from stating a specific amount demanded in his Complaint, Defendant has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

21.     Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

22.     A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum. A defendant

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See, Cal. Code Civ. Proc.* § 425.10.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

23.     Along with the documents comprising **Exhibit "A,"** on February 15, 2022, Plaintiff served on Defendant DOLLAR TREE STORES, INC. a Statement of Damages under California *Code of Civil Procedure* § 452.11. The Statement of Damages establishes that the amount in controversy in this litigation exceeds the $75,000 statutory minimum. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit "D."**

24.     Plaintiff's Statement of Damages alleges that she is seeking general damages of $10,000,000.00. *Ibid*. Thus, the amount in controversy exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

25.     28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages under California *Code of Civil Procedure* section 425.11, is a written statement setting forth the nature and amount of damages being sought, and constitutes "other paper" under section 1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiff constituted "other paper").

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

26.     The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000.  *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003).  The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

27.     Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement.  Therefore, federal jurisdiction is proper.

## CONSENT OF DEFENDANTS TO REMOVAL

28.     Defendant DOLLAR TREE DISTRIBUTION, INC. is not properly joined in this action, has not been served by Plaintiff and has not appeared in the action.  Accordingly, its consent is not necessary.

29.     Defendant DAVID FLORES is not properly joined in this action, has not been served by Plaintiff and has not appeared in the action.  Accordingly, his consent is not necessary.

30.     There are no other remaining defendants in this action besides Defendants DOLLAR TREE STORES, INC. and improperly named Defendants DOLLAR TREE DISTRIBUTION, INC. and DAVID FLORES.

## TIMELINESS OF REMOVAL

31.     This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant DOLLAR TREE STORES, INC., of the initial pleading, to wit, Plaintiff's Complaint and Statement of Damages, both served on February 15, 2022, which first indicated that the matter is removable. 28 U.S.C. § 1446(b)(1).

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

32.    Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed her Complaint on January 31, 2022.

33.    For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and removal is proper at this time.

Dated:  March 16, 2022                                     THARPE & HOWELL, LLP


By: _____
       CHARLES D. MAY
       ANDREA BREUER
       Attorneys for Defendant,
       DOLLAR TREE STORES, INC.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2.  My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.  I served copies of the following documents (specify the exact title of each document served):

    **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

    **SEE ATTACHED SERVICE LIST**

5.  a.  **X**      **ONLY BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed during the Coronavirus (Covid-19) pandemic and pursuant to Fed.R.Civ.P.Rule 5., this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6.  I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 3/16/2022 | Belinda A. Porras | *Belinda A. Porras* |
| --- | --- | --- |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

*left margin:* THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 10 -

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

## SERVICE LIST

| | |
|---|---|
| Christopher K. Roberts, Esq.<br>Daniel J. Rafii, Esq.<br>Daniel Sukhu, Esq.<br>RAFII & ASSOCIATES, P.C.<br>9100 Wilshire Blvd., Suite 465E<br>Beverly Hills, CA  90212<br>Tel: (310) 777-7877<br>Fax: 310) 777-7855<br>Email: christopher@rafiilaw.com<br>Email: daniel@rafiilaw.com<br>Email: Dsukhu@rafiilaw.com<br><br>cc:<br>Veronica Tanahara, Sr. Paralegal<br>Vtanahara@rafiilaw.com<br><br>Melisa Arenas, Legal Assistant<br>Melisa@rafiilaw.com<br><br>Litigation@rafiilaw.com | Attorneys for Plaintiff,<br>FLORIDALMA BURROWES |

I:\32000-000\32692\Pleadings\FEDERAL\Notice of Removal.docx

THARPE & HOWELL, LLP<br>15250 Ventura Boulevard, Ninth Floor<br>Sherman Oaks, California 91403-3221

- 11 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**