JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1742 PA (Ex) | Date | March 17, 2022 |
|---|---|---|---|
| Title | Floridalma Burrowes v. Dollar Tree Stores, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Dollar Tree Stores, Inc. ("Dollar Tree" or "Removing Defendant"). (Docket No. 1.) In its Notice of Removal, Dollar Tree asserts that this Court has jurisdiction over the action brought against it by plaintiff Floridalma Burrowes ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Dollar Tree must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1742 PA (Ex) | Date | March 17, 2022 |
|---|---|---|---|
| Title | Floridalma Burrowes v. Dollar Tree Stores, Inc. et al. | | |

is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

In its Notice of Removal, Dollar Tree asserts that Plaintiff is a citizen of California, it is a citizen of Virginia, co-defendant Dollar Tree Distribution, Inc. is a citizen of Virginia, and co-defendant David Flores ("Flores"), an individual, is a sham defendant whose citizenship should be disregarded. (Notice of Removal ¶¶ 9-18.) Plaintiff asserts two claims against all defendants: (1) negligence and (2) premises liability.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1742 PA (Ex) | Date | March 17, 2022 |
|---|---|---|---|
| Title | Floridalma Burrowes v. Dollar Tree Stores, Inc. et al. | | |

  The complaint alleges that David Flores "is a natural person who, on information and belief, was at all times herein mentioned a resident of Los Angeles, California." (Notice of Removal; Ex. A (Complaint) ¶ 3). Dollar Tree does not contend that David Flores should be considered a non-resident defendant (see generally Notice of Removal). Rather, Dollar Tree argues that Flores' citizenship should be disregarded because Plaintiff fraudulently joined Flores in order to defeat diversity jurisdiction. (Notice of Removal ¶¶ 15-18.) Specifically, Dollar Tree argues that "[t]here is no reasonable basis for imposing liability on an unknown individual by the name of 'David Flores,' who was not employed by DOLLAR TREE STORES, INC. at the Crenshaw Boulevard store on the date of this incident." (Id. ¶ 18.) Dollar Tree cites to a declaration in support of this contention which "confirm[s] that from January, 2020 to the present date, there has never been any employee at the Crenshaw Boulevard store by the name of 'David Flores'" and therefore "no potential to hold this unknown individual liable on any theory for any dangerous condition of the Western Avenue store." (Id.)

  The Court finds that Dollar Tree has failed to established that David Flores "cannot be liable on any theory." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). That Dollar Tree did not have an employee named "David Flores" at the relevant time is not a sufficient ground, assuming it is true, to deem the resident defendant a sham one. At the very least, the Court cannot conclude, based on the documents filed in support of the Notice of Removal, that Flores bears no relationship to any corporate co-defendant, has no connection to the alleged incident, or that Plaintiff would not be granted leave to amend any deficient state claims against defendant David Flores. Thus, Dollar Tree has failed to demonstrate that complete diversity exists. If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles, 845 F. Supp. 2d at 1062 (brackets in original) (quoting Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)). The Court finds that Dollar Tree has not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on the claims against David Flores. The Court concludes that Dollar Tree has not adequately established the Court's subject matter jurisdiction over this action.

  For the foregoing reasons, Dollar Tree has failed to meet its burden of demonstrating the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case number 22STCV03761. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.